

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-82,700-01

**EX PARTE TERRILL MIDDLETON, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W10-72351-S(A) IN THE 282ND JUDICIAL DISTRICT COURT FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of the offense of aggravated assault with a deadly weapon and sentenced to imprisonment for ten years.

The Applicant alleges, among other things, that his plea was involuntary and that he received ineffective assistance of trial and appellate counsel in this case. The State responds to Applicant's allegations, in pertinent part:

> The State contends that trial and appellate counsel for Applicant provided representation that fell within the wide range of reasonable assistance [cite omitted]. The State, however, recognizes that this

Court may desire additional evidence regarding trial and appellate counsel's representation of Applicant. If so, the State requests that this Court gather evidence, as is customary, by way of affidavit from both counsel or hold an evidentiary hearing should the Court deem such to be necessary.

On July 7, 2014, a timely order designating issues was signed by the trial court. The habeas record was then properly forwarded to this Court pursuant to TEX. R. APP. P. 73.4 (b)(5), but without the designated issues being resolved by the trial court.[1] We remand this application to the 282nd Judicial District Court of Dallas County to allow the trial judge to complete an evidentiary investigation and enter findings of fact and conclusions of law.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: March 04, 2015
Do not publish

---

[1] Under TEX. R. APP. P. 73.5, a trial court may request an extension of time to resolve designated issues by filing a motion before the expiration of 180 days from the date of the receipt of the application by the State.